ilus'it'iN, Judge
 

 The counsel for the defendant, admitting the insufficiency of the objections, stated in the record, as having been taken on the trial in the Superior Court, move here in arrest of judgment, upon the ground that the indictment docs not charge that the defendant
 
 sxvore wilfully and
 
 corruptly.
 

 Under the statute, it is clear the objection is a good one.
 
 It
 
 seems to be equally so at common law. In our search for precedents, not one has been found, except that in
 
 Cox*
 
 case
 
 (Leach
 
 69) in which those epithets are .not
 
 both
 
 applied to the act of swearing. They enter into the definition of perjury at common law. And whatever evil intent may be alleged in the indictment as moving the defendant to take the false oath, the very i aking of it must be stated to have been done deliberately, and with a wicked purpose, at that moment existing. This has been expressed, by applying those terms
 
 wilful and corrupt
 
 to the act of swearing.
 
 Cox’
 
 case established, that one of them might be supplied by
 
 maliciously.
 
 That has been doubted, and never followed; though I suppose it would be in a case precisely in point. But in no instance hath the omission of both been allowed, though
 
 falsely
 
 and
 
 maliciously
 
 were used. And in a very late case, in the King’s Bench, in 1826
 
 (Rex
 
 v.
 
 Stephens)
 
 this very point came directly before the court; when the indictment was held bad on a motion in arrest of judgment. This is of the more authority, because the statute 23
 
 George
 
 II. c. 11, provides in that country for simplifying indictments for perjury ; as our own does here.
 

 Per Curiam. — Judgment arpe stub,